(66 Misc. Rep. 376.)

### SKOLNEY et al. v. RICHTER.

(Supreme Court, Special Term, New York County. February, 1910.)

PARTNERSHIP (§ 376*)—DISSOLUTION—MISCONDUCT OF PARTNER.
　　Where a special partner of a firm becomes a special partner in a competing business organized by two former employés of the firm, the other partners may maintain an action to dissolve the partnership.
　　[Ed. Note.—For other cases, see Partnership, Cent. Dig. § 862; Dec. Dig. § 376.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Joseph Skolney and others against Max Richter for dissolution of partnership. Judgment for plaintiffs.

See, also, 132 App. Div. 680, 117 N. Y. Supp. 297.

Kurzman & Frankenheimer, for plaintiffs.

Cohen, Creevey & Richter, for defendant.

O'GORMAN, J. The defendant, a special partner in a firm in which the plaintiffs are general partners, has become a special partner in a competing business organized by two of the plaintiffs' former employés, and this action is brought to decree a dissolution of plaintiffs' firm.

Any misconduct of a general partner, which is of such a nature as to destroy the mutual confidence which must subsist between partners, if they are to continue their business together, will be ground for dissolution. As between general partners, it is not disputed that it is not permissible for a partner to engage in a competing business; for such conduct must necessarily destroy that mutual confidence and trust so essential to the partnership relation. Is a different rule to be applied to a special partner? General partners are agents for each other and manage the business. A special partner, under the statute, is not permitted to transact any business for the firm, nor to be employed for that purpose as agent, attorney, or otherwise. He contributes capital to the business, and is liable to the creditors only to the extent thereof. He is empowered, however, under section 37 of the limited partnerships act (Consol. Laws, c. 39), "to examine from time to time into the state and progress of the partnership business, and advise as to its management." If a special partner has the right to advise his general partners as to the conduct of the business, the duty is imposed upon the general partners to consider such advice; and, if they were to refuse to accept it, or capriciously to disregard it, such action would afford ground, in a proper case, for a dissolution of the firm at the instance of the special partner.

Since the formation of the partnership defendant has regularly consulted with his general partners in relation to the affairs of the business and has given them the benefit of his advice. His duties to the new firm must necessarily be inconsistent with his duties to the old. His tender of advice to the old firm, or his examination into its business, must excite grave suspicion as to his good faith, considering his interest in a rival business. General partners should not be exposed to the embarrassments of such a situation. Mutual confidence is as necessary with special partners as with general partners; and, when that confidence cannot exist, the partnership relations should terminate. The evidence does not establish a consent or acquiescence. The equities are with the plaintiffs, and they should not be required to continue as partners with one who is largely interested in a rival and competing concern, organized by plaintiffs' former employés.

Judgment for plaintiffs, with costs.